# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1478 | **DATE** | 9/13/2002 |
| **CASE TITLE** | Jose Rodriguez vs. The Texas, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this opinion, all of plaintiffs' motions in limine are granted. Because the parties have advised by letter as to their respective dates of availability for trial, this action is set for trial to begin at 9:30 a.m. October 29, 2002. (36-1, 37-1, 38-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 16 2002 | 43 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/13/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

JOSE RODRIGUEZ, etc., et al.,    )
                                 )
                Plaintiffs,      )
                                 )
     v.                          )   No. 01 C 1478
                                 )
THE TEXAN, INC.,                 )
                                 )
                Defendant.       )

## MEMORANDUM OPINION AND ORDER

This Court's June 27, 2002 approval of the jointly submitted Final Pretrial Order ("FPTO") in this Fair Labor Standards Act lawsuit has placed the case in a ready-for-trial posture. In accordance with the order entered at the time of the pretrial conference held to consider the FPTO, plaintiffs' counsel has filed three motions in limine, and defense counsel has in turn responded to two of the three motions. This memorandum opinion and order (1) addresses all three motions and (2) sets a trial date.

### Fee-Shifting, Attorneys' Fees or Costs of Litigation

As the heading of this section suggests, one of plaintiffs' motions (Dkt. 36-1) seeks to exclude any reference at trial to any of the captioned items even though they are potentially recoverable by plaintiffs. Because defense counsel has failed to respond to that motion, it is fair to assume the absence of any objection. Moreover, it is conventional wisdom that any mention of such items, all of which are for decision by the court rather

than the jury, serve no appropriate purpose when injected into a jury trial (other than perhaps creating the potential for unfair prejudice that Fed. R. Evid. 403 balancing is designed to eliminate).

## Defendants' Exs. 2 and 3

According to plaintiffs' next motion (Dkt. 37-1), Defendants' Exs. 2 and 3 were not disclosed during discovery, having shown up instead in FPTO Ex. 3, the list of the parties' proposed trial exhibits. Defense counsel disputes that contention by asserting that those documents were in fact disclosed during the depositions of defendant Rochelle Raddatz and Denise Madden, an employee of co-defendant The Texan, Inc. According to defendants' response:

> The documents were not requested prior to the deposition in the request for production of documents, in that at no time did they request the corporation work schedules or health insurance records in the request for production.

That position is puzzling, for plaintiffs' counsel has attached as an exhibit to the motion in limine Plaintiffs' First Request for Production of Documents to Defendant, which followed the usual practice of asking for everything but the kitchen sink. It began with this first sweeping request for production:

> All documents relating to the Plaintiffs, including, but not limited to, the Plaintiffs' personnel file, records of hours worked, Plaintiffs' time cards, and records pertaining to their job duties, job responsibilities, job description, salary, hours worked, and receipt of minimum or overtime wages or

2

compensation.

In light of that all-encompassing description (even apart from any of the later requests that might encompass the items at issue), it is difficult to understand any argument that Request No. 1 did not call for the express turnover of the late-designated exhibits now at issue. Even were that not the case, it just will not do for the recipient of a broad discovery request charged with such nondisclosure to respond that the other side should have been aware of an undesignated document because it was referred to during a deposition, any more than the mention of a person during the course of a deposition justifies a party's inclusion of such person on the witness list for trial when that party has not provided the person's identification in response to the standard discovery inquiry asking for the names of all persons who have any knowledge of facts relating to the litigation.

This is not an issue to be resolved by such pejorative labels as "trial by ambush." Federal rules of disclosure embodied in Fed. R. Civ. P. ("Rules") 26 through 37 have long since supplanted the old "sporting" or "fox-hunt" approach to litigation, when parties went to trial without a full exploration of the opponents' case. When a party makes a formal discovery request under those Rules, it is entitled to rely on the adversary's equally formal response rather than having to search

3

out and explore other matters that the adversary may mention during the course of the discovery process without also appropriately supplementing the earlier formal response.

Accordingly defendants' response, on the present showing by the parties, is unpersuasive. This second motion by plaintiffs is also granted.

### Mitigation of Damages

This third motion by plaintiffs (Dkt. 38-1) seeks to head off any argument that plaintiffs' status as illegal aliens precludes them from recovering certain damages under principles articulated in Hoffman Plastic Compounds, Inc. v. NLRB, 122 S.Ct. 1275 (2002), decided at the Supreme Court's last Term to resolve an existing split among the Courts of Appeals (id. at 1279 n.2). Thus the first mention of Hoffman Plastic came not from any assertion by defense counsel (by way of an affirmative defense or otherwise) that plaintiffs could not recover here because they lacked legal status to work in the United States or because they did not mitigate their damages, but rather from plaintiffs' effort to head off any such contentions.

In support of the motion, plaintiffs' counsel identified cases from no fewer than five Courts of Appeals (the First, Fifth, Eighth and Eleventh and the District of Columbia) that have uniformly held a failure to mitigate damages to be an affirmative defense under Rule 8(c), thus calling into play the

familiar doctrine that affirmative defenses not raised in a party's responsive pleading are considered waived. Just a brief look by this Court disclosed that the Second Circuit has done the same, as stated in <u>Travellers Int'l, A.G. v. TWA, Inc.</u>, 41 F.3d 1570, 1580 (2d Cir. 1994):

> Failure to mitigate damages is an affirmative defense and therefore must be pleaded. Fed. R. Civ. P. 8(c). The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver. <u>See</u> <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639, 642 n.2 (2d Cir. 1988); <u>see</u> <u>also</u> 5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §1278 (2d Ed. 1990).

And although plaintiffs' motion concludes the citation of its own laundry list of cases with a footnote stating "Plaintiffs have not found a single case in which a federal court has held that failure to mitigate damages is not an affirmative defense," defendants response is a meaningless one-sentence denial of that extended treatment after this equally uninformative reference to <u>Hoffman Plastic</u>:

> Defendants respond to Plaintiff' Paragraph 2 that <u>Hoffman</u> speaks for itself, and the question of what issues may remain unresolved is a question for the Court to determine.

Neither defendants' Answer to Complaint nor the FPTO says a word about a mitigation of damages defense, nor does either contain any reference to the illegality of plaintiffs' working in the United States. As <u>Hoffman Plastic</u>'s reference to a preexisting split in decisional law makes plain, this was not a

new issue of which defendants could claim a lack of awareness.

In sum, plaintiffs' waiver argument is in accordance with universal caselaw. In addition, it surely comes with ill grace for an employer to hire alien workers and then, if the employer itself proceeds to violate the Fair Labor Standards Act (which this Court does not of course decide, but must assume for purposes of the present motion), for it to try to squirm out of its own liability on such grounds. For more than one reason, this is a classic case for the application of the principle of waiver uniformly announced by the Courts of Appeals that have considered the issue, and this Court also grants this last motion in limine.

## Conclusion

For the reasons stated in this opinion, all of plaintiffs' motions in limine are granted. Because the parties (again as this Court had directed during the conference at which the FPTO was approved) have advised by letter as to their respective dates of availability for trial, this action is set for trial to begin at 9:30 a.m. October 29, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 13, 2002