# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1478 | **DATE** | 9/19/2002 |
| **CASE TITLE** | Jose Rodriguez vs. The Texan, Inc. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____ .

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Supplement to Memorandum Opinion and Order. This supplement simply draws the parties' attention to an opinion from our Court of Appeals (SNA Nut Co. v. Haagen-Dazs Co., Inc., Nos. 00-4052 and 00-4100, 2002 WL 31007701, at *5 (7th Cir. Sept 9))..

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | number of notices | | |
| ✓ | Notices mailed by judge's staff. | SEP 2 0 2002 | | 44 |
| | Notified counsel by telephone. | date docketed | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 9/19/2002 | | |
| SN | courtroom deputy's initials | date mailed notice | | |
| | | SN | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

SEP 2 0 2002

JOSE RODRIGUEZ, etc., et al.,      )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )     No.  01 C 1478
                                   )
THE TEXAN, INC.,                   )
                                   )
               Defendant.          )

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's September 13, 2002 memorandum opinion and order
("Opinion") addressed the motions in limine that had been filed
by plaintiffs' counsel following the entry of the jointly
submitted Final Pretrial Order ("FPTO") in this case.  This
supplement simply draws the parties' attention to an opinion from
our Court of Appeals (SNA Nut Co. v. Häagen-Dazs Co., Inc., Nos.
00-4052 and 00-4100, 2002 WL 31007701, at *5 (7th Cir. Sept. 9))
that, although handed down earlier in the week in which the
Opinion was issued, had not been delivered to this Court's
chambers before that ruling.

As to plaintiffs' third motion (Dkt. 38-1), which had
addressed the permissibility of defendant's advancing any
potential argument stemming from plaintiffs' status as illegal
aliens, the Opinion pointed in part to the absence of any
reference by defendant to such an argument or defense in the
FPTO.  That ruling has been totally validated by SNA Nut, which
states in relevant part:

We have previously noted that a pretrial conference and a pretrial order are vital parts of the procedural scheme created by the Federal Rules of Civil Procedure. See Gorlikowski v. Tolbert, 52 F.3d 1439, 1443 (7th Cir.1995). Further, "[b]ecause the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superceding the pleadings and establishes the issues to be considered at trial." Id. at 1443-44. Moreover, the whole purpose of pretrial conferences and orders "is to clarify the real nature of the dispute at issue[;] a claim or theory not raised in the pretrial order should not be considered by the fact-finder." Id. at 1444 (quotations omitted). While this result may seem harsh, pretrial orders help to prevent protracted litigation due to changing theories and arguments such as those that we are encountering in this case.

Milton I. Shadur
Senior United States District Judge

Date:   September 19, 2002

2